FILED

2008 Apr 30 AM 10:22

CLERK U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
CANTON

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 7 |
| | ) | |
| JOSHUA MICHAEL NULL, | ) | CASE NO. 08-60873 |
| | ) | |
| Debtor. | ) | JUDGE RUSS KENDIG |
| | ) | |
| | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| | ) | **(NOT INTENDED FOR** |
| | ) | **PUBLICATION)** |

This matter is before the Court following review of the fees charged by counsel in this case. On April 2, 2008, the Court reviewed the Rule 2016 disclosure statement filed by counsel indicating that she charged Debtor $1,500.00 for her services. As outlined in the order, this amount exceeds the presumptive fee and the Court requested an explanation. Counsel filed an explanation on April 16, 2008. For the reasons set forth herein, the Court finds the explanation unsatisfactory and hereby reduces counsel's fees to the presumptive fee of $1,100.00.

In the Sixth Circuit, fee applications are first determined by looking at the lodestar amount, and then subjecting that amount to upward or downward adjustment by the Johnson factors. See Boddy v. U.S. Bankruptcy Court (In re Boddy), 950 F.2d 334 (6th Cir. 1991); Johnson v. Georgia Highway Express, Inc., 488 F.2d 714, 717-19 (5th Cir. 1974); Geier v. Sundquist, 372 F.3d 784, 791 (6th Cir. 2004). Counsel is charging $175.00 per hour, not an unreasonable rate based on counsel's experience. However, the Court finds that counsel has expended more hours than is reasonable. First and foremost, counsel is performing clerical tasks, including data entry and the actual filing of the petition and related documents. In general, courts have determined that clerical work is not the type of task that can be billed to the client because it is considered part of the attorney's overhead. In re Newman, 270 B.R. 845, 849 (Bankr. S.D. Ohio 2001); In re Bass, 227 B.R. 103, 107 (Bankr. E.D. Mich 1998); In re Castorena, 270 B.R. 504, 516 (Bankr. D. Idaho 2001); McNally, 2006 Bankr. LEXIS 1712 at *19-20.

Second, this case is not a complicated or atypical case. The debtor is below average income, so the additional work of completing the full means test was not required. Also, there are very few creditors. Debtor's statement of intention indicates he is reaffirming one debt/assuming a lease on a 2007 Honda Civic. Simply, the time and labor expended by counsel do not reflect its complexity. No novel or unique issues are presented requiring a higher level of bankruptcy knowledge or skill, or creating an "undesirable" case. There was no urgency in the filing of this case, as evidenced by one of the time entries where counsel noted that the filing was delayed to avoid interference between the 341 meeting and tax

season.[1]

      Consequently, the Court cannot conclude that $1,500.00 is reasonable compensation for the services to be provided in this case. To hold otherwise would be like hiring Picasso to paint a fence. Counsel's fees are hereby reduced to $1,100.00. Any amount in excess of $1,100.00 which has been paid to counsel shall immediately be refunded and proof of the disgorgement filed with the court by not later than **May 30, 2008**.

      It is so ordered.

/s/ Russ Kendig
RUSS KENDIG
U.S. BANKRUPTCY JUDGE

**Service List**:

Joshua Michael Null
1712 Jefferson Road, NE
Massillon, OH 44646

Christine K. Corzin
304 N Cleveland-Massillon Rd
Akron, OH 44333

---

[1] Debtor is a staff accountant.